IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MOLDING SYSTEMS ENGINEERING CORPORATION, d/b/a Molding Systems Illinois Corporation, a/k/a Molding Systems Corporation, | ) ) ) ) |
| | ) |
| Debtor, | ) |
| | ) |
| JOHN HOWER, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | )   CIVIL NO. 04-668-GPM |
| | ) |
| MOLDING SYSTEMS ENGINEERING CORPORATION, d/b/a Molding Systems Illinois Corporation, a/k/a Molding Systems Corporation, | ) ) ) ) |
| | ) |
| Appellee. | ) |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

### BACKGROUND

On September 23, 2003, Debtor/Appellee Molding Systems Engineering Corporation (Molding Systems) filed a voluntary petition under Chapter 11 of the Bankruptcy Code (Bk. Ct. Doc. 1). Appellant John Hower (Hower) filed a claim as a judgment creditor for a state court judgment he had obtained in September 2003 against Molding Systems for unpaid commissions in excess of $500,000. That lawsuit was initiated in 1997. Molding Systems filed an objection to Hower's claim on the basis that Hower had filed an individual Chapter 7 bankruptcy in 1999, in

which he failed to disclose his state court action as an asset. In response to Molding Systems' objection, Hower filed an affidavit stating that he filed his bankruptcy *pro se* in Florida in 1999. He also stated that he was not aware of the need to list the claim against Molding Systems but that he had told the Trustee assigned to his bankruptcy case about the claim and the Trustee did not tell him to amend his schedules to list the claim as an asset in his bankruptcy case. The affidavit also states that the state court verdict did not exclusively include claims that pre-dated his 1999 bankruptcy filing but included unpaid commissions through the date of the trial in 2003 (Bk. Ct. Doc. 175).

The bankruptcy court heard argument on Molding Systems' objection to Hower's claim on July 30, 2004 (Bk. Ct. Doc. 181). In his Opinion allowing the objection, United States Bankruptcy Judge Gerald D. Fines found that there was "no credible evidence" of the disclosure of the pending state court litigation to the bankruptcy Trustee (Bk. Ct. Doc. 189). Because Hower failed to abide by the bankruptcy laws in disclosing the litigation in his personal bankruptcy, Judge Fines found that Hower is judicially estopped from filing a claim in Molding Systems' bankruptcy (*Id.*). Hower appeals Judge Fines's decision allowing Molding Systems' objection and striking Hower's claim. This Court heard oral argument on the appeal on Tuesday, November 8, 2005.

## ANALYSIS

Pursuant to 28 U.S.C § 158(a), the federal district courts have mandatory exclusive jurisdiction over appeals from final judgments, orders, and decrees of bankruptcy judges. The district court may affirm, modify, or reverse the bankruptcy judge's order, or remand with instructions for further proceedings. FED. R. BANKR. P. 8013. A reviewing court must accept a bankruptcy court's factual findings unless those findings are clearly erroneous. *Id.*; *In re Excalibur Auto. Corp.*, 859 F.2d 454 (7th Cir. 1988). A bankruptcy court's conclusions of law, however, are reviewed *de novo*. *Calder v. Camp Grove State Bank*, 892 F.2d 629, 631 (7th Cir. 1990).

As clarified at the hearing, Hower's position can be broken down into four arguments: (1) Judge Fines's opinion violates the *Rooker-Feldman* doctrine; (2) Judge Fines's opinion is barred by res judicata; (3) Judge Fines's finding that Hower's affidavit is not credible is clearly erroneous; and (4) judicial estoppel should not apply in this case. As briefly discussed during the hearing, the first two arguments can be disposed of with little discussion.

*Rooker-Feldman*

Generally speaking, the *Rooker-Feldman* doctrine bars a party from bringing an action in federal court to remedy an injury *inflicted by* the state court's decision. *Jensen v. Foley*, 295 F.3d 745, 747 (7th Cir. 2002). That party must pursue remedies through the state system until it seeks certiorari from the United States Supreme Court. *Id*. at 747-48. When the doctrine applies, there is no federal jurisdiction. *Id*. at 748.

It is true, as Hower's counsel pointed out during the hearing, that the doctrine also precludes federal jurisdiction over claims inextricably intertwined with a state court determination. *Brokaw v. Weaver*, 305 F.3d 660, 664-65 (7th Cir. 2002) ("the pivotal inquiry in applying the doctrine is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim"). But this bankruptcy case clearly is not barred by the *Rooker-Feldman* doctrine. Molding Systems filed its petition pursuant to the Bankruptcy Code, and the fact that it did has nothing to do with reviewing the state court judgment. There are mechanisms for judgment creditors to file claims, as Hower attempted to do. The propriety of the disposition of his claim will be addressed below, but it has nothing to do with the *Rooker-Feldman* doctrine. The doctrine precludes lower federal courts from reviewing state court civil judgments; that is not what the bankruptcy court did.

Res Judicata

Res judicata, or claim preclusion, refers to "the preclusive effect of a judgment in foreclosing litigation of matters that were or could have been raised in an earlier suit." *Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 634 n.6 (7th Cir. 2004). Under Illinois law, in order for res judicata to apply, the previous action must have (1) reached a final judgment on the merits; (2) involved the same parties or their privies as the current claims; and (3) constituted the same cause of action as the current claims. *Id*. at 635.[1] But a federal court can deny preclusion if the state court proceedings denied the parties a full and fair opportunity to litigate by falling below the minimum requirements of due process. *Id*. at 634.

Hower argues that the issue of his personal bankruptcy should have been raised in state court and because it was not, Molding Systems is barred from raising it here. It was not raised because Molding Systems did not know about it. In support of its objection to Hower's claim, Molding Systems filed an affidavit of its President, Anthony King, in which he stated that he first became aware of Hower's Chapter 7 bankruptcy on or about May 26, 2004, while conducting a search in connection with Hower's offer to purchase Molding Systems' assets by assuming all claims against it (Bk. Ct. Doc. 180). Expecting Molding Systems to raise a defense that it did not know it had seems unreasonable, but expecting it to raise a defense that it did not know it had and did not discover because of Hower's own non-disclosure is unfathomable. Molding Systems did not have a full and fair opportunity to litigate this issue in state court. Therefore, it cannot be prejudiced by

---

[1] While the standards for res judicata are substantially the same under Illinois and federal law, the Court applies Illinois law because Hower argues that Molding Systems' failure to raise his bankruptcy in the state court proceeding precludes it from raising it in the bankruptcy proceeding. *See Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 634-35 (7th Cir. 2004).

the fact that it did not raise the issue during those proceedings.[2]

Clear Error

Finally, Hower argues that Judge Fines's finding that there was no credible evidence that Hower disclosed the state court litigation to his bankruptcy Trustee is clearly erroneous. The crux of Hower's argument is that Hower's affidavit in which he stated that he "let the trustee know of the claim he had for unpaid commissions" and "was not asked to amend his schedules to include the claim as an asset of his individual bankruptcy" was uncontradicted. Judge Fines is a knowledgeable bankruptcy judge who had the entire record before him when he made his findings. This Court cannot find that his rejection of Hower's affidavit is clearly erroneous.

Moreover, whether Hower disclosed the state court litigation to the Trustee is not really the issue. He was required to disclose it on the schedules. It is undisputed that he did not do so. He seems to be complaining that if he did in fact tell the Trustee about his claims, the Trustee did not advise him properly.

The trustee of a Chapter 7 debtor represents not only the rights of the debtor but also the interests of the debtor's creditors. *Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1342 (7th Cir. 1987). He has the general duties of marshaling all available property, reducing it to money, distributing it to creditors, and closing up the estate. *Id.*, *citing* 11 U.S.C. § 704(1). A debtor's legal claims are assets of the bankruptcy estate, especially when they are claims for money, *In re Polis*, 217 F.3d 899, 902 (7th Cir. 2000), and a trustee cannot abandon property of the estate without giving proper notice to all creditors, *Hoseman v. Weinschneider*, 322 F.3d 468, 475 (7th Cir. 2003); FED. R. BANKR. P. 6007(a).

---

[2] Because the Court finds that Molding Systems did not have a full and fair opportunity to litigate this issue, it need not address the elements of res judicata.

There is no evidence that the lawsuit was ever abandoned by the Trustee, if he in fact knew about it. Therefore, it is not even Hower's to claim at this point. Hower's suggeston in his brief (D. Ct. Doc. 3, p. 9) that the "Trustee took no interest in the claim" is not even supported by Hower's affidavit much less anything else in the record. There is nothing to suggest, other than Hower's self-serving statement, that the Trustee knew of the claim. But even if he did, the Trustee in Hower's bankruptcy was not a substitute for counsel, and Hower cannot blame the deficiencies of his filings on the fact that he was *pro se* or that the Trustee did not tell him how to do things correctly.[3] A trustee's role has been succinctly stated as follows: "The administration of bankruptcy estates has twin goals of maximization of realization on creditors' claims and of prompt and efficient administration of the estate." *Id*. at 475. Hower has no one to blame but himself for his failings, and Judge Fines's conclusion that there was no disclosure of the state court litigation in Hower's Chapter 7 bankruptcy, whether to the Trustee or on the schedules, is not clearly erroneous. *See generally In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 n.4 (5th Cir. 2004) (a lack of diligence on the trustee's part in pursuing a claim does not excuse a debtor's dishonesty).

Judicial Estoppel

This argument is somewhat intertwined with the above argument, but the Court reviews Judge Fines's legal conclusion *de novo*. Essentially, Hower distinguishes his situation from *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.), Inc.*, 989 F.2d 570 (1st Cir. 1993), and *In re Superior Crewboats, Inc.*, 374 F.3d 330, where non-disclosure of a lawsuit was raised during the pendancy of that lawsuit. He also tries to argue that because Molding Systems was not a creditor

---

[3] One of the questions on the Statement of Financial Affairs that Hower answered "None" in his personal bankruptcy stated: "List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." (D. Ct. Doc. 9, Ex. E at ¶ 4) Hower's state court lawsuit was pending at the time.

in his personal bankruptcy, barring him from filing his claim in Molding Systems' bankruptcy does not further any purpose of the bankruptcy laws.

Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. *Superior Crewboats*, 374 F.3d at 334. Importantly, because the doctrine is designed to protect the judicial system and not the litigants, detrimental reliance by Molding Systems is not required. *See id*. Hower's rationale would allow him, in the words of the Fifth Circuit Court of Appeals, "to have [his] cake and eat it too," as he would retain the enormous benefit of a bankruptcy discharge while standing in line as a creditor in another's bankruptcy after all of his own creditors are paid. *Id*. at 333. "The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh." *Payless*, 989 F.2d at 571. But Hower concealed his lawsuit, got rid of his creditors, obtained a judgment, and now is trying to collect on that judgment.[4] "[Hower], having obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis. … Indeed, [Molding Systems] may have a windfall. However, it is an unacceptable abuse of judicial proceedings." *Id*. "In order to preserve the requisite reliability of disclosure statements and to provide assurances to creditors regarding the finality of plans which they have voted to approve," the doctrine of judicial estoppel must be applied in this case to bar Hower from seeking benefits under the bankruptcy laws after he failed to satisfy the companion duty to schedule assets for the benefit of creditors in his own bankruptcy. *Id*. at 571-72 (internal quotation omitted). Having reviewed this issue *de novo*, this

---

[4]As discussed during the hearing, considering that Molding Systems is in bankruptcy, it is unknown what the practical effect of Hower's collection efforts would be; but that is beside the point.

Court fully agrees with Judge Fines's legal conclusion.

## CONCLUSION

For the foregoing reasons, this Court rejects all of Hower's arguments on appeal and **AFFIRMS** the Order and Opinion entered by United States Bankruptcy Judge Gerald D. Fines on August 13, 2004, allowing Molding Systems' objection and striking Hower's claim.

**IT IS SO ORDERED.**

DATED:  11/22/05

                                        s/ G. Patrick Murphy
                                        G. PATRICK MURPHY
                                        Chief United States District Judge